47 F.3d 1175
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dwaine W. CHAMBERS, Petitioner-Appellant,
v.
Larry KINCHELOE, Respondent-Appellee.
 No. 94-35586.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Feb. 8, 1995.*
Decided: Feb. 10, 1995.
 
 Before: WRIGHT, HALL and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Chambers and a codefendant were tried jointly and found guilty in state court of first degree murder. He petitioned for habeas relief under 28 U.S.C. Sec. 2254, alleging trial court errors. The district court denied the petition. We affirm.
 
 
 3
 We review de novo the denial of a habeas petition. Jefferies v. Blodgett, 5 F.3d 1180, 1187 (9th Cir. 1993), cert. denied, 114 S. Ct. 1294 (1994). We review the trial court's rulings for abuse of discretion. United States v. Dischner, 974 F.2d 1502 (9th Cir. 1992), cert. denied, 113 S. Ct. 1290 (1993).
 
 1. DENIAL OF MOTION TO SEVER
 
 4
 To establish abuse of discretion, the defendant must show that denial of his motion to sever resulted in clear, manifest or undue prejudice. United States v. Arias-Villanueva, 998 F.2d 1491, 1506 (9th Cir.), cert. denied, 114 S. Ct. 573 (1993). Chambers claims three specific instances of prejudice resulting from the joint trial.
 
 
 5
 First, he says that he was unable to present an opening statement because the court deferred ruling on evidence that his codefendant sought to exclude. But the decision not to present an opening statement was a tactical move by Chambers' attorney. He could have made an opening statement without reference to the evidence in question. And a severed trial might not have avoided the alleged prejudice because the trial court could still have reserved its ruling.
 
 
 6
 Second, Chambers says that he was prejudiced when his codefendant's attorney, arguing that Chambers alone was guilty, used tactics that a prosecutor could not have used in a severed trial. He relies on United States v. Tootick, 952 F.2d 1078 (9th Cir. 1991), where the court found that the tactics of codefendant's counsel constituted undue prejudice. Unlike Tootick, however, the statements made here were not "gruesome and outlandish." Id. at 1082. Also unlike Tootick, there was no apparent danger that the jury would infer guilt from the conflicting theories alone. The state presented substantial evidence indicating that both defendants had participated in the murder.
 
 
 7
 Third, Chambers contends that the trial judge improperly instructed that certain counts against Miller had been resolved. We find that this did not affect the jury's ability to independently assess the evidence.
 
 
 8
 Limiting instructions may suffice to cure a risk of prejudice. Zafiro v. United States, 113 S. Ct. 933, 938 (1993). The court here instructed that: (1) the jury should not form an opinion until the close of the evidence; (2) the state has the burden of proof beyond a reasonable doubt; (3) the arguments of counsel are not evidence; and (4) the jury must consider the evidence against each defendant separately. These instructions parallel those in Zafiro, and cured any risk of prejudice. 113 S. Ct. at 939.
 
 2. RIGHT TO CROSS-EXAMINATION
 
 9
 To show bias, Chambers' attorney sought to cross-examine the arresting officers as to whether a warrant was legally required for blood testing. He argues that the court violated his confrontation rights by refusing to allow this question.
 
 
 10
 Chambers' attorney had other means to assess bias, such as asking whether the witnesses believed the warrants necessary, or whether a delay in securing the warrants was deliberate and the result of bias toward the defendants. United States v. Garcia, 988 F.2d 965, 969 (9th Cir. 1993).
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3